Alfa submitted clear and convincing evidence of compliance with the requirements set forth in Ala. Code 1976, § 27-23-25. The insurer produced a copy of a cancellation notice dated February 24, 1997, that had been properly addressed to Ms. Spriggs at the address listed on the "Evidence of Insurance Form." Alfa provided sworn affidavits from two senior mail clerks responsible for mailing the cancellation notice. These clerks provided detailed testimony regarding the procedure used in mailing the cancellation notice. The lead opinion correctly notes that Ms. Spriggs's claim that she failed to receive the notice, by itself, would be insufficient to defeat Alfa's motion for summary judgment. I disagree, however, with Judge Yate's conclusion that because Compass Bank has no record of receiving the notice, a fact question is created for the jury on the issue whether the notice was properly mailed.
The record contains additional evidence demonstrating that Ms. Spriggs, before the date of the loss, had been made aware that her homeowner's insurance coverage had been canceled. Alfa had contacted the closing attorney's office in early March, 1994 and notified the closing attorney's secretary that the closing application had been rejected. Alfa returned the original check at that time and the closing attorney immediately forwarded a replacement check to Compass Bank. Carolyn Clay, the closing attorney's secretary, contacted Ms. Spriggs by telephone on April 1, 1997, and told her that her application for insurance coverage had been rejected. Alfa never cashed Ms. Sprigg's check for the amount of the premium. The closing attorney forwarded a replacement check to the bank.
Before the closing, and in an effort to accommodate Ms. Spriggs, Alfa provided Spriggs with immediate homeowner's coverage to enable her to satisfy her loan-closing requirements. Because time did not permit for processing of Ms. Spriggs's application, the company deferred its complete evaluation of Ms. Spriggs's application; that evaluation was necessary for Alfa to determine whether she met Alfa's risk evaluation guidelines. Surely Alfa should be able to cancel this coverage in the same prompt and certain manner in which it was originally extended.
I conclude that Alfa established by clear and convincing evidence that the notice of cancellation was mailed to Ms. Spriggs at the address shown on the proof of insurance form. For the foregoing reasons, I dissent as to the reversal of the summary judgment in favor Alfa. As to the remainder of the main opinion, I concur.